Original Copy

(Rev. 5/05)



**FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

(1) Daron Allen    310100
    (Name of Plaintiff)    (Inmate Number)

1301 E.12th street Wilmington
        (Complete Address with zip code)
Delaware, 19809

(2) Clifton Hall    277466
    (Name of Plaintiff)    (Inmate Number)

1301 E.12th street Wilmington
        (Complete Address with zip code)
Delaware, 19809
(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

vs.

(1) James Chandler

(2) Raphael Williams

(3) Mark Emig
        (Names of Defendants)
(Please see attached sheet)
(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

:
:
:
:
:    c6- 405
:
:
:
:    (Case Number)
:    ( to be assigned by U.S. District Court)
:
:
:
:
:
:
:    **CIVIL COMPLAINT**
:
:
:
:    • • Jury Trial Requested
:
:    **FILED**
:    JUN 26 2006
:    U.S. DISTRICT COURT
:    DISTRICT OF DELAWARE
         BD scanned

**I.    PREVIOUS LAWSUITS**

IFP

A.    If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number
      including year, as well as the name of the judicial officer to whom it was assigned:

            N/A

**II.  EXHAUSTION OF ADMINISTRATIVE REMEDIES**

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution?  ✓Yes  ··No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims?  ✓Yes  ··No

C. If your answer to "B" is Yes:

   1. What steps did you take? Filing a grievance thru the prisoner grievance procedure and letter to Raphael Williams

   2. What was the result? I was never given a grievance hearing Raphael Williams forwarded my letter to James Cha Chandler no response from letter, I also wrote to Jay Sylvester no action has been taken by him.

D. If your answer to "B" is No, explain why not: N/A

**III.  DEFENDANTS** (in order listed on the caption)

(1) Name of first defendant: James Chandler

Employed as Recreation Superviser at Howard R. Young Corr. Inst

Mailing address with zip code: 1301 E.12th Street Wilmington, De. 19809

(2) Name of second defendant: Raphael Williams

Employed as Warden at Howard R. Young Corr. Inst.

Mailing address with zip code: 1301 E.12th Street Wilmington De. 19809

(3) Name of third defendant: Mark Emig

Employed as Deputy Warden at Howard R. Young Corr. Inst

Mailing address with zip code: 1301 E.12th Street Wilmington De. 19809

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

Defendants Cont.

Name of 4th defendant: David Williams

Employed as Secutity Chief at Howard R. Young Corr. Inst.

Mailing address with zip code  1301 E. 12th Street Wilmington, De. 19809.

Name of 5th defendant: Jay Sylvester

Employed as Director of Civigenics Key North at Howard R. Young Corr. Inst.

Mailing addresswith zip code:  1301 E 12th Street Wilmington, De. 19809.

STATEMENT OF CLAIM

   Plaintiff #1 has been housed in the Key Program which is an 9-18 month intense rational authority therapeutic trearment program since August 26, 2005.

   Plaintiff #2 has been housed in the Key Program which is an 9-18 month intense rational authority therapeutic treatment program since January 10, 2006.

It is a fact that all sentenced inmates incarcerated at Howard R. Young Corectional Inst. Are consistently afforded an opportunity at partaking in indooor/outdoor recreation with the EXCEPTION OF DORM #1 and dorm #2. The named defendants displayed diliberate indiferecne in regards to recreation by denying above named plaintiffs consistent outdoor/indoor recreation.

In addition all inmates by law are entitled to 1 hour per day of meaningful recreation in an enlarged space seperate from their sleeping area.

With the EXCEPTION OF Dorm #1 and Dorm #2 all other inmates housed on the eastside of the institution are afforded an hour per day of meaningful recreation and are also afforded an opportunity to partake in the facilities gymnasium and fitness center once per week for atleast an hour each on a consistent basis.

Both Plaintiffs assert that their 8th amendment and 14th amendment rights are being totally ignored by above named defendants in this matter.

RELIEF

Whereas, Petioner #1 and Petioner #2 is seeking for the court to find that their 8th and 14th amendment rights have been violated which is guaranteed to every citizen by the defendants in this matter. Petioner #1 and Petioner #2 is seeking for the Howard R. Young Correctional Inst. to establish a schedule for indoor/outdoor recreation for dorm #1 and dorm #2 inmates for atleast 1 hour daily. Petioner #1 and Petioner #2 is seeking to be financially compensated for the mental and physical hardships endured in dorm #1 by being denied indoor/outdoor recreation on a consistent basis,while an inmate housed in dorm #1.

I declare under penalty of perjury that the foregoing is true and correct.

         Signed this __7th__ day of __June__,2006.

              _Daron B Allen_
              (signature of plaintiff #1)

              _____
              (signature of plaintiff #2

Clifton Hall
H.R.Y.C.I.
P.O. Box 9561
Wilmington, De. 19809

Legal Mail

The Clerk
United States District
844 N. King Stre

UNIT844  1980130028 1N  1A 06/23/06
UNABLE TO FORWARD
NO FORWARD ORDER ON FILE
RETURN TO POSTMASTER
OF ADDRESSEE FOR REVIEW

U.S.M.S. X-RAY